UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GLENN FRANCIS,**

    **Plaintiff,**

**v.**                                                       **Case No. 8:20-cv-2579-MSS-AAS**

**THOMAS SCARANTINO,** *et al.***,**

    **Defendants.**

_____/

## O R D E R

Francis sues Thomas Scarantino, Lori Palmieri, Mark O'Brien, Judge Amanda Sansone, Judge Sean Flynn, Judge Steven Merryday, Rachel Jones, Mike Prendergast, Sheriff Bob Gualtieri, Scott Robbins, Maria Chapa Lopez, and Tina Repp for federal civil rights violations. Francis files a second amended complaint (Doc. 18), files documents titled "Amended Remedy" (Doc. 19) and "Update and Requests" (Doc. 20), files a third amended complaint without leave of court (Doc. 21), and moves for leave to proceed *in forma pauperis*. (Docs. 17 and 22)

Judicially noticed records show that an indictment charged Francis with conspiracy to commit wire fraud, wire fraud, mail fraud, and illegal monetary transactions. Superseding Indictment, *United States v. Francis*, No. 8:19-cr-9-TPB-SPF (M.D. Fla.), ECF No. 69. Judge Thomas Barber found Francis incompetent and dismissed the indictment without prejudice. Orders, *Francis*, No. 8:19-cr-9-TPB-SPF, ECF Nos. 144 and 149. The Federal Bureau of Prisons released Francis after the dismissal of his criminal case. Notice, *Francis v. United States*, No. 8:20-cv-2729-MSS-TGW (M.D. Fla.), ECF No. 16.

1

### "Amended Remedy" and "Update and Requests"

Francis filed the documents titled "Amended Remedy" (Doc. 19) and "Update and Requests" (Doc. 20) after his second amended complaint. (Doc. 18) In the document titled "Amended Remedy," Francis asks to amend the remedy in his civil action to include a dismissal of all charges with prejudice in his federal criminal case, compensation for wrongful incarceration, and punitive damages. (Doc. 19 at 1) In the document titled "Update and Requests," Francis alleges additional facts in support of his claims. (Doc. 20 at 1–12) The Court construes the *pro se* documents as a motion for leave to amend the second amended complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Francis files a third amended complaint (Doc. 21), the Court **DENIES** the construed motions (Docs. 18 and 19) as moot.

### Third Amended Complaint

Francis files a third amended complaint (Doc. 21) without leave of court. The Court construes the *pro se* complaint as a motion for leave to file an amended complaint and **GRANTS** the construed motion. *Erickson*, 551 U.S. at 94. Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). The third amended complaint (Doc. 21) is the operative complaint.

Because Francis moves for leave to proceed *in forma pauperis*, the Court reviews whether the claims in the third amended complaint are frivolous, facially deficient, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Powell v. Symons*, 680 F.3d 301, 307–08 (3d Cir. 2012).

2

**Lori Palmieri, Mark O'Brien, and Scott Robbins**

In Francis's federal criminal case, the court appointed Palmieri, O'Brien, and Robbins to represent Francis. (Doc. 21 at 2) Francis contends that Palmieri, O'Brien, and Robbins waived his right to a speedy trial without his permission, refused to demand exculpatory documents from the prosecution, and refused to ask for a bond hearing. (Doc. 21 at 12–18, 26–28, 34–37) He further contends that O'Brien lied during his competency hearing, refused to show Francis discovery, and refused to file a motion to suppress evidence. (Doc. 21 at 14–18, 35–37) He contends that Robbins moved for an extension of time for a hearing on competency without Francis's permission and refused to share discovery with him. (Doc. 21 at 27–28, 46–48) Because a "court-appointed counsel in a federal criminal case is immune from liability" in a federal civil rights action, Francis's claims against Palmieri, O'Brien, and Robbins are meritless. *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972) (citing *Sullens v. Carroll*, 446 F.2d 1392 (5th Cir. 1971)).

**Judge Sansone, Judge Flynn, and Judge Merryday**

Francis asserts that Judge Sansone unlawfully denied him bond and refused to suppress evidence (Doc. 21 at 18–20, 37–38), that Judge Flynn unlawfully found him incompetent (Doc. 21 at 19–20, 38–41)), and that Judge Merryday unlawfully denied his right to a speedy trial, refused to suppress evidence, and knew that Francis lacked access to discovery and that Judge Flynn had unlawfully found him incompetent. (Doc. 21 at 21–22, 41–43) Because a federal judge is immune from suits demanding both monetary damages and injunctive relief, Francis's claims against Judge Sansone, Judge Flynn, and Judge Merryday are meritless. *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000) (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)).

**Rachel Jones and Maria Chapa Lopez**

Jones was the prosecutor in Francis's federal criminal case, and Lopez was Jones's supervisor. (Doc. 21 at 22, 28) Francis contends that Jones refused to sign the indictment in his case because Jones did not obtain any evidence of Francis's guilt. (Doc. 21 at 22, 43–44) He further contends that Jones withheld exculpatory evidence, presented false testimony by FBI agent Tina Repp, and unlawfully obtained confidential information from his appointed counsel. (Doc. 21 at 22–23, 43–44) He asserts that Jones violated the Sixth Amendment by unreasonably delaying Francis's trial and violated the Fourth Amendment by authorizing an unlawful seizure of Francis's mail. (Doc. 21 at 23–24)

Francis contends that Lopez is responsible for the prosecutors assigned to his case, and those prosecutors refused to dismiss the case even though the statute of limitation barred the prosecution, the prosecutors lacked evidence of guilt, Jones unlawfully obtained evidence, the prosecutors withheld exculpatory evidence, and appointed counsel deficiently performed. (Doc. 21 at 29–30, 48–49)

Because a prosecutor is absolutely immune for prosecutorial acts and respondeat superior liability does not apply to a federal civil rights claim, Francis's claims against Jones and Lopez for acts or omissions arising from the judicial process are meritless. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009); *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)).

Francis asserts that Jones "broke the Fourth Amendment knowing [the] FBI had no probable cause for [a] warrant and did an illegal outcome driven investigation, resulting in [the] Postmaster General shutting down my corporation by denying my mail." (Doc. 21 at 23) A prosecutor lacks immunity for misadvising police during the investigation of a criminal

4

case. *Burns v. Reed*, 500 U.S. 478, 493 (1991) ("We do not believe, however, that advising the police in the investigative phase of a criminal case is so 'intimately associated with the judicial phase of the criminal process,' that it qualifies for absolute immunity.") (citation omitted). "When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

However, Francis fails to alleges no facts to support a claim that Jones performed "investigative functions normally performed by a detective or police officer." *Buckley*, 509 U.S. at 273. *Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Francis merely alleges that Jones knew that the FBI both executed a warrant without probable cause and unlawfully investigated Francis. (Doc. 21 at 23.) Because Francis does not allege that Jones actively participated in the investigation, his claim against Jones fails. (Doc. 21 at 23)

**Thomas Scarantino, Mike Prendergast, and Sheriff Gualtieri**

Francis alleges that Scarantino was the warden at the institution where he was incarcerated and doctors at the institution tried to medicate Francis without examining him and denied him notice and the opportunity to consult with an attorney before an examination. (Doc. 21 at 9–12) Also, Francis contends that he informed Scarantino that his court appointed counsel acted against Francis's best interests at the competency hearing and contends that Scarantino ignored him and effectively denied him a hearing on competency. (Doc. 21 at 11–12, 33–34) Because respondeat superior does not apply to a federal civil rights claim, Scarantino is not liable for the acts of the doctors who work at the institution where he is a

5

warden. *Iqbal*, 556 U.S. at 676. Because Francis does not allege that Scarantino either personally participated or acted in a manner which was causally related to the alleged constitutional violation concerning the appointment of counsel and the order directing a competency evaluation in his criminal case, he further fails to state a claim against Scarantino. *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).

Francis contends that Prendergast was the warden at another jail where he was incarcerated and that he informed Prendergast that he was illegally detained, denied a speedy trial, denied competent counsel, denied a hearing on competency, and denied disclosure of exculpatory evidence. (Doc. 21 at 24–25) He asserts that Prendergast violated his federal right to due process by ignoring his grievances (Doc. 21 at 24–25) and violated his federal right to a trial by detaining him for more than a year. (Doc. 21 at 44–45) Because Francis does not allege that Prendergast either personally participated or acted in a manner which was causally related to the alleged constitutional violation concerning his pretrial detention, the order directing a competency evaluation, and other rulings in his criminal case, he fails to state a claim against Prendergast. *Dalrymple*, 334 F.3d at 995.

Francis also contends that Gualtieri was the warden at a third jail where he was incarcerated and that a corrections officer who worked for Gualtieri twice lied to Francis. (Doc. 21 at 25–26) He alleges that the corrections officer told Francis that an attorney arrived to meet with him and instead a doctor came to the meeting. (Doc. 21 at 25) He alleges that he told the corrections officer that one of the doctors would falsely find him incompetent. (Doc. 21 at 26) He asserts that Gualtieri violated his federal constitutional rights by detaining him for fifteen months without a trial, allowing a doctor to evaluate him for competency without a recording device, allowing his attorney to "take credit" for attorney visits without

6

visiting Francis, and denying him access to a law library. (Doc. 21 at 26, 45–46) Because respondeat superior does not apply to a federal civil rights claim, Gualtieri is not liable for the acts of the corrections officer who works at the institution where he is a warden. *Iqbal*, 556 U.S. at 676. Because Francis does not allege that Gualtieri either personally participated in or acted in a manner causally related to the alleged constitutional violation concerning his pretrial trial detention and the order directing a competency evaluation in his criminal case, he further fails to state a claim against Gualtieri. *Dalrymple*, 334 F.3d at 995. Because Francis fails to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," he also fails to state an access to courts claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

**Tina Repp**

Francis contends that Repp who was the lead FBI agent in his criminal case lied at a bond hearing, used a confidential informant to commit fraud on his corporation, executed a warrant at his home based on illegal surveillance, and ignored exculpatory evidence when drafting an affidavit in support of the indictment. (Doc. 21 at 30, 50) He alleges that the FBI conducted surveillance on him before securing a warrant. (Doc. 21 at 31) He further alleges that he reported to the FBI that other corporations committed crimes and the FBI failed to investigate those other corporations and instead investigated him because he is a Republican. (Doc. 21 at 31) He alleges that two years later Repp told Francis's son that the FBI did not have incriminating evidence against Francis. (Doc. 21 at 31)

He asserts that Repp intentionally inflicted emotional distress on Francis by unlawfully surveilling and arresting him. (Doc. 21 at 50) He further asserts that Repp denied him the right to confront confidential informants who work for Repp and withheld exculpatory

7

evidence including a transcript and audio of the bond hearing, evidence of benefits that Repp gave to confidential informants in exchange for their cooperation, an affidavit in which Repp admits to using Leo Corrigan as a confidential informant to entrap Francis, and bank statements.

Because a police officer enjoys absolute immunity for his testimony at a pretrial hearing and at trial, Francis's claim that Repp falsely testified at a bond hearing fails. *Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983); *Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999).

Because the police's use of a confidential informant will not violate substantive due process unless "the act can be characterized as arbitrary or conscience shocking in a constitutional sense," Francis's claim that Repp used a confidential informant to commit fraud on his corporation fails. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992)). *Accord United States v. Russell*, 411 U.S. 423, 432 (1973) ("For an agent will not be taken into the confidence of the illegal entrepreneurs unless he has something of value to offer them. Law enforcement tactics such as this can hardly be said to violate 'fundamental fairness' or 'shocking to the universal sense of justice[.]'") (citation omitted). For the same reason, Francis's intentional infliction of emotional distress claim fails. *See, e.g.*, *Gallogly v. Rodriguez*, 970 So. 2d 470, 472–73 (Fla. 2d DCA 2007) (holding that the police's conduct was extreme and outrageous where "there existed a relationship of authority in this case that would lead Gallogly to believe he was subject to arrest for not giving in to the demands of the [police]").

Because Francis does not have a right to direct the FBI to investigate an individual, his claim that police failed to investigate other companies fails. *United States v. Ramos*, 933 F.2d 968, 971 n.1 (11th Cir. 1991) ("Criminal investigations are an executive function within

8

the exclusive prerogative of the Attorney General's Office."). *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Because Francis fails to identify a similarly situated individual whom Repp treated differently and fails to allege that Repp engaged in an investigation motivated by race, religion, national origin, or some other protected class, his claim that Repp investigated him because he is a Republican fails. *Draper v. Reynolds*, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004) ("To state an equal protection claim, Draper must allege that 'through state action, similarly situated persons have been treated disparately,' and put forth evidence that Reynolds's actions were motivated by race.") (citation omitted).

Because Francis fails to allege that Repp either denied him the right to confront a witness at trial or personally participated in the alleged constitutional violation concerning his right to confront a witness, his claim that Repp denied him the right to confront confidential informants fails. *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.") (italics in original).

Francis's claims that Repp ignored exculpatory evidence when drafting an arrest affidavit, searched his home with an unlawful warrant, and conducted surveillance without a warrant are vague and conclusory. Francis neither identifies the exculpatory evidence that Repp ignored in the arrest affidavit nor shows that the exculpatory evidence would have demonstrated a lack of probable cause for his arrest. *Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019). "So long as it is reasonable to conclude from the body of evidence as a whole that a crime was committed, the presence of some conflicting evidence or a possible defense will

9

not vitiate a finding of probable cause." *Paez*, 915 F.3d at 1287. Francis further fails to identify defects in the affidavit for the search warrant and the warrant authorizing surveillance. *United States v. Leon*, 468 U.S. 897, 913–16 (1984). Lastly, Francis contends that police conducted the search pursuant to the unlawful warrant in March 2016 and conducted surveillance without a warrant in 2014. (Doc. 21 at 30–31, 51–52) Francis filed his initial complaint and raised the claims in 2021. (Doc. 16 at 30–32, 50–51) Because a four-year statute of limitation applies to a federal civil rights claim, his claim is untimely. *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 946–47 (11th Cir. 2020).

Also, because Francis fails to allege that Repp acted in bad faith by failing to disclose evidence to the prosecutor and fails to show that he was convicted of a crime, his claim that Repp withheld evidence fails. *Porter v. White*, 483 F.3d 1294, 1308 (11th Cir. 2007) ("[W]e hold that mere negligence or inadvertence on the part of a law enforcement official in failing to turn over *Brady* material to the prosecution, which in turn causes a defendant to be convicted at a trial that does not meet the fairness requirements imposed by the Due Process Clause, does not amount to a "deprivation" in the constitutional sense."); *McMillian v. Johnson*, 88 F.3d 1554, 1567 (11th Cir. 1996) ("*Brady* requires disclosure of both exculpatory and impeachment evidence that is material. Evidence is material if its suppression undermines confidence in the outcome of the trial.") (citation omitted)); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) ("Plaintiff, however, was never convicted and, therefore, did not suffer the effects of an unfair trial. As such, the facts of this case do not implicate the protections of *Brady*.").

**Demand for Dismissal of Charges**

Francis's demand for the dismissal with prejudice of his criminal charges is not cognizable in a federal civil rights action. (Doc. 21 at 52) *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims—*i.e.*, claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983. This rule applies equally to *Bivens* actions.") (citation omitted).

Because a more carefully drafted complaint could not state a claim against the defendants and Francis had multiple opportunities to adequately allege a claim and failed to do so (Docs. 1, 12, 15, 16, 18, 19, 20, 21), the claims against the defendants are **DISMISSED with prejudice**. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Francis's motions for leave to proceed *in forma pauperis* (Docs. 17 and 22) are **DENIED** as moot. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on February 17, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

11